IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 63,971-01






EX PARTE ROBERT EARLE ALEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM THE 36TH DISTRICT COURT OF ARANSAS COUNTY

IN CAUSE NUMBER A00-0022-CR



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of robbery, and punishment was assessed at ten years' confinement. 
Applicant's conviction was affirmed on appeal. Aleman v. State No. 13-04-00219-CR (Tex.
App. --Corpus Christi, delivered July 21, 2005, no pet.).

 Applicant contends, inter alia, that he has been denied time credit toward the
expiration of his sentence for time spent in confinement (1) in Brevard County, Florida by
virtue of a detainer in the instant cause between February 1, 2004, and March 26, 2004; (2)
awaiting transport to prison between April 22, 2004, and June 7, 2004; and (3) following his
arrest pursuant to the State's motion to revoke probation. Applicant also contends that he has
been denied time credited him by the trial court.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court does not
hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order the Texas
Department of Criminal Justice, Correctional Institutions Division to file an affidavit
addressing (1) whether Applicant was confined in Brevard County, Florida by virtue of a
detainer in the instant cause between February 1, 2004, and March 26, 2004, and if so,
whether he received time credit toward the expiration of his sentence for this period of time;
(2) whether Applicant was confined awaiting transport to prison between April 22, 2004, and
June 7, 2004, and if so, whether he received time credit toward the expiration of his sentence
for this period of time; (3) whether Applicant was confined following his arrest pursuant to
the State's motion to revoke probation, and if so, whether he received time credit toward the
expiration of his sentence for this period of time; and (4) whether Applicant has received the
time credited him by the trial court. The trial court may also order depositions,
interrogatories, or a hearing. In the appropriate case the trial court may also rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to (1) whether Applicant was confined in Brevard County, Florida by virtue of a detainer
in the instant cause between February 1, 2004, and March 26, 2004, and if so, whether he
received time credit toward the expiration of his sentence for this period of time; (2) whether
Applicant was confined awaiting transport to prison between April 22, 2004, and June 7,
2004, and if so, whether he received time credit toward the expiration of his sentence for this
period of time; (3) whether Applicant was confined following his arrest pursuant to the
State's motion to revoke probation, and if so, whether he received time credit toward the
expiration of his sentence for this period of time; and (4) whether Applicant has received the
time credited him by the trial court. The trial court shall also make any further findings of
fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 24th DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.